Keith MAYDAK, et al., Appellants,

v.

UNITED STATES of America,
et al., Appellees.

No. 02–5168.

United States Court of Appeals,
District of Columbia Circuit.

April 20, 2004.

Keith Maydak, British Columbia, Canada, pro se.

Paul Lee, Lexington, KY, pro se.

Gregory Smith, East McKeesport, PA, pro se.

R. Craig Lawrence, Assistant U.S. Attorney, Roscoe Conklin Howard, Jr., U.S.

Attorney, Michael Joseph Ryan, Assistant U.S. Attorney, Michael Conrad Johnson, U.S. Attorney's Office, Washington, DC, for Defendant–Appellee.

Before RANDOLPH, ROGERS, and TATEL, Circuit Judges.

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. It is

**ORDERED AND ADJUDGED** that the judgment of the district court be affirmed in part, reversed in part, and the case remanded for further proceedings, in accordance with the unpublished memorandum and the published opinion issued herein this date.

Pursuant to D.C.Cir. Rule 36, the memorandum will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven (7) days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C. Cir. Rule 41.

\* Opinion for the court filed by Circuit Judge Tatel

## MEMORANDUM

Appellants Keith Maydak and Gregory Smith were inmates in the custody of the Federal Bureau of Prisons at the time they filed this action against the United States, the Federal Bureau of Prisons, and two BOP officials. Appellants' Privacy Act and Inmate Trust Fund claims are resolved in a published opinion issued simultaneously herewith. This memorandum resolves the remaining issues, which do not require a published opinion: appellants' claims regarding the withholding of Maydak's *Wall Street Journal* subscription, the destruction of Maydak's personal property, and the denial of Maydak's and Smith's requests for a religious-based vegan diet.

■ While Maydak was in disciplinary segregation at the Beckley federal correctional institution, prison staff withheld his daily subscription to the *Wall Street Journal*. After his release from disciplinary segregation, staff returned all back copies of the *Journal*, but destroyed them a few days later pursuant to prison regulations prohibiting the accumulation of material that may represent a fire, sanitation, security, or housekeeping hazard. *See* 28 C.F.R. § 553.11(b) (2003). We find no error in the district court's grant of summary judgment to the government on Maydak's First Amendment, tort, and contract claims. *See Maydak v. United States*, No. 97–2199, slip op. (D.D.C. May 4, 2001). With respect to Maydak's constitutional claim, the government has shown that withholding particular publications from inmates in disciplinary segregation is reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) (establishing a four-factor analysis for determining the constitutional validity of prison regulations). The practice of limiting reading materials during such segregation, 28 C.F.R. § 541.21(c)(8) (2003), bears a "valid, rational connection" to the legitimate governmental interest in deterring and punishing misbehavior, *see Turner v. Safley*, 482 U.S. at 89 (internal quotation marks omitted), because permitting inmates whatever reading materials they desire would eliminate one of the punitive aspects of disciplinary segregation (factor one). The government also satisfies the other three factors: Maydak enjoyed access to other reading materials (factor two), accommodating Maydak would make disciplinary segregation appear less unattractive, having a potentially

adverse effect on other inmates' incentives for following prison rules (factor three), and Maydak points to no real alternative that BOP could undertake as a disciplinary measure (factor four). Maydak's tort and contract claims fail because he has alleged no facts showing that BOP had any duty to deliver newspapers to him while he remained in disciplinary segregation, nor has he presented any evidence demonstrating that BOP behaved negligently in destroying the papers.

■ While Maydak was in disciplinary segregation, Beckley prison staff also confiscated two pieces of his property, a Radisson Worldwide hotel directory and a "Coles" directory. Staff eventually destroyed the directories pursuant to BOP rules that allow for the destruction of contraband if inmates fail to prove ownership of the property within a specified period of time. *See* 28 C.F.R. § 553.13 (2003). The district court granted summary judgment to the government on Maydak's claim for compensation under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–80 (2000 & Supp. III 2003). *Maydak*, No. 97–2199, slip. op. at 11. Maydak alleged, however, that the "property lieutenant," a prison employee, acknowledged that the items were Maydak's, that "ownership was not the issue," and that the property would be held until Maydak's lawsuits were adjudicated. Maydak Supplemental Decl. Opp'n Summ. J. ¶ G9. The government presents no evidence to the contrary, simply declaring that the "confiscation and destruction of [the directories] appear[ ] to be within the guidelines promulgated by the Bureau of Prisons." Hopkins Decl. ¶ 8. In fact, the government shifted its argument during summary judgment briefing: in its motion for summary judgment, it argued that prison staff destroyed the directories because Maydak failed to *claim* ownership–despite the prison confiscation form showing that Maydak had done so; but in reply to Maydak's opposition to summary judgment, it argued that Maydak failed to *provide evidence* of ownership. Because the record reveals a genuine issue of material fact as to whether Maydak established ownership of the directories as required by BOP rules, the grant of summary judgment on this issue is reversed and the matter remanded for further proceedings. *See Tao v. Freeh*, 27 F.3d 635, 638 (D.C.Cir.1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

■ Claiming that they practice the Wicca religion, Maydak and Smith requested that BOP provide them with a religious-based vegan diet. BOP denied the request, stating that appellants could accommodate their dietary needs by selecting non-meat and non-dairy items from the pre-existing food lines. Appellants seek injunctive and declaratory relief, as well as damages against the BOP Director and BOP Administrator of National Inmate Appeals. The district court dismissed the damages claim against the two BOP officials for want of personal service, and in the alternative, for failure to state a claim. *Maydak*, No. 97–2199, slip. op. at 2–4. The district court also found that the declaratory and injunctive relief claims were moot because BOP had implemented a nationwide "no flesh" diet, released Maydak to a community program, and moved Smith to another facility. *Id.* at 4–5. We affirm, albeit on different grounds. With respect to appellants' claim for damages, qualified immunity shields the two BOP officials from liability. Appellants have alleged no facts indicating that the actions of the two officials were not "objectively reasonable, as measured in light of the legal rules that were 'clearly established' at the time of their actions." *Kalka v. Hawk*, 215 F.3d 90, 94 (D.C.Cir.2000) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818–19, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). Appellants' requests for declaratory and injunc-

**4**

tive relief are no longer properly before this court. Smith's claims are moot as he has been released from BOP custody. Maydak is currently in the custody of Canadian officials while the United States seeks his extradition. Not only is it unclear when he will be returned to the United States, but Maydak indicates that he may avail himself of "additional due process and judicial review avenues" in the Canadian justice system. Appellants' Reply Br. at 1. Because Maydak cannot show imminent injury with respect to his claim for injunctive relief, nor how his purported past injury could be redressed by a declaratory judgment, we lack jurisdiction over his claims for equitable relief. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 106–07, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

We have considered appellants' remaining arguments and find them without merit. Therefore, the district court's judgment is reversed and remanded for further proceedings with respect to the destruction of the directories, and affirmed in all other respects.